

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-72,807-04

### EX PARTE ISMAIL SHABAZZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 8785 IN THE 411TH DISTRICT COURT
### FROM TRINITY COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to fifty years' imprisonment. The Thirteenth Court of Appeals affirmed his conviction. *Shabazz v. State*, No. 13-05-00237-CR (Tex. App.—Corpus Christi–Edinburg May 11, 2006) (not designated for publication).

Applicant contends that a juror was related to the victim and was biased. He also alleges that when the prosecutor learned of this, he committed prosecutorial misconduct when he told the juror that "it was better that she was related to the victim" and did not report this conversation to the court

or the defense. The record contains an affidavit from the juror dated after Applicant's prior writ was decided.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether one of the jurors was biased against Applicant, depriving him of a fair trial by an impartial jury. The trial court shall also make findings of fact addressing Applicant's contention that the prosecutor committed prosecutorial misconduct. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: March 2, 2016
Do not publish